# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KESHA R. HUDSON-HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-00245-TWP-DML |
| BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS, | ) ) ) ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on a Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) by Defendant Board of School Commissioners of the City of Indianapolis ("School Board") (Filing No. 14). After her son experienced discipline and bullying issues at public schools, *pro se* Plaintiff Kesha R. Hudson-Harris ("Hudson-Harris") removed her son from the Indianapolis Public School ("IPS") system and tried to provide an education through an online school. Hudson-Harris was dissatisfied with how the public school administrators and teachers handled the discipline and bullying issues and an individualized education plan, so she initiated this lawsuit. The School Board filed an Answer to Hudson-Harris's Complaint and then immediately filed a Motion for Judgment on the Pleadings, asserting that the Court has no jurisdiction to hear the claim because Hudson-Harris did not pursue and exhaust her administrative remedies. For the following reasons, the School Board's Motion for Judgment on the Pleadings is **GRANTED** without prejudice.

## I. BACKGROUND

On January 28, 2016, Hudson-Harris initiated this lawsuit by filing a standard, fill-in-the-blank "Complaint Form," used by many *pro se* plaintiffs (Filing No. 1). She listed as defendants

George H. Fisher IPS School 93, Principal Amanda Pickrell, and a teacher, Mrs. Nonte. She alleged that the principal and teacher were "at fault" and that she had requested that her son be tested for academic needs while she was at a "backyard barbeque" with the principal (Filing No. 1 at 2). Hudson-Harris also alleged that the previous principal had been asked to test her son based on his many impairments. She asserted that the principal "said she would see to it [that her son] went through two semesters without this I.E.P." *Id.*

In her standard form Complaint, Hudson-Harris alleged that her son was continuously placed with a particular teacher who was wrongfully and excessively disciplining her son. This teacher was isolating and traumatizing him. As a result, Hudson-Harris's son was stressed and suffered emotional damages (Filing No. 1 at 3). He was administratively transferred to IPS School 94, where he was later bullied, and the principal at School 94 did not take the bullying policy seriously. *Id.* Hudson-Harris felt she had no choice but to pull her son out of public school and try an online school until he could return to a traditional school setting. *Id.* She alleged that her lawsuit was brought under federal law and state law, and she requested a bench trial. *Id.* at 4–5.

In the Court's Entry of February 2, 2016, the Court instructed Hudson-Harris to supplement her Complaint by reporting what specific constitutional, statutory, or other federally-protected rights the Defendants were alleged to have violated so that the Court could determine whether it had jurisdiction to hear the matter (Filing No. 4). Hudson-Harris filed a "Supplement to Complaint" on March 23, 2016 (Filing No. 7). In her Supplement, Hudson-Harris alleged that Principal Pickrell and Mrs. Nonte violated the federal No Child Left Behind Act and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, ("IDEA"). She explained that IDEA requires states to provide a free appropriate public education in the least restrictive environment. She alleged that her due process request outlined in the statute was ignored.

In the Court's Entry of March 28, 2016, the Court explained that the No Child Left Behind Act does not provide a private right of action for enforcement. *Horne v. Flores*, 557 U.S. 433, 456 n.6 (2009). The statute "is enforceable only by the agency charged with administering it." *Id*. Thus, Hudson-Harris's claim brought under the No Child Left Behind Act was dismissed for failure to state a claim upon which relief can be granted ([Filing No. 8 at 2](#)).

The Court also explained in its March 28, 2016 Entry that IDEA requires state and local educational agencies that receive assistance under the statute to "maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." 20 U.S.C. § 1415. The statute lays out procedural safeguards to pursue educational rights, and if a student or parent is aggrieved, after administrative procedures have been exhausted, any party aggrieved by the findings and decision has the right to bring a civil action in a district court of the United States. 20 U.S.C. § 1415(i)(2)(A). The proper defendant in a case brought under IDEA is the "local educational agency." 20 U.S.C. 1413; *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F3d 634, 640 (7th Cir. 2015). Therefore, Hudson-Harris's claim under IDEA asserted against Principal Pickrell and Mrs. Nonte was dismissed for failure to state a claim upon which relief can be granted ([Filing No. 8 at 2](#)). However, the Court construed Hudson-Harris's IDEA claim as being brought against the School Board and directed the Clerk to substitute that entity as the sole defendant. Thus, the only claim proceeding in this action is Hudson-Harris's claim under IDEA against the School Board. *Id*.

On May 27, 2016, the School Board filed an Answer to Hudson-Harris's Complaint, denying any and all liability. The School Board denied the allegations of the Complaint and denied that it violated IDEA in any way. The School Board also answered that Hudson-Harris has failed

to pursue and exhaust administrative remedies, thereby depriving this Court of jurisdiction ([Filing No. 13](#)).

Also on May 27, 2016, the School Board filed its Motion for Judgment on the Pleadings under Rule 12(c), arguing that it is entitled to judgment in its favor because Hudson-Harris did not pursue and exhaust any available administrative remedies, and as a result, the Court is left without jurisdiction to consider Hudson-Harris's IDEA claim ([Filing No. 14](#)).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir. 1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the Court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations

4

in the complaint are viewed in a light most favorable to the non-moving party; however, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

### III. DISCUSSION

The only claim in this action is "plaintiff's IDEA claim as being brought against the Board of School Commissioners of the City of Indianapolis" ([Filing No. 8 at 2](Filing No. 8 at 2)), but the School Board explains that Hudson-Harris has failed to pursue and exhaust the mandatory administrative remedies that IDEA requires, leaving the Court without subject matter jurisdiction over this claim.

Relying on Seventh Circuit case law, the School Board notes that federal courts are courts of limited jurisdiction, and where, as in this case, there is a challenge to subject matter jurisdiction, the party invoking jurisdiction has the burden of establishing that all jurisdictional requirements have been satisfied. *See Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

The School Board argues that, in the context of this case, judicial review of alleged violations of IDEA is unavailable unless all administrative procedures have first been exhausted.

5

To support this assertion, the School Board points to *Honig v. Doe*, 484 U.S. 305, 326–27 (1988) and *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006), two cases that discuss the exhaustion of administrative remedies. The School Board contends that, because Hudson-Harris failed to pursue and exhaust the mandatory administrative remedies provided by IDEA, this action must be dismissed.

Upon review of the cases cited by the School Board, the Court notes that those cases do not plainly and unequivocally support judgment in favor of the School Board based on an exhaustion argument. Indeed, the Supreme Court opinion explained that parties "may bypass the administrative process where exhaustion would be futile or inadequate." *Honig*, 484 U.S. at 327. And the Seventh Circuit opinion reversed and remanded the district court's order that dismissed the IDEA claim on the basis of a failure to exhaust administrative remedies. *See Mosely*, 434 F.3d at 532–33. The Seventh Circuit explained that the district court should not have dismissed the IDEA claim for lack of jurisdiction where there was "nothing on the face of her complaint that compels a conclusion that she failed to exhaust," and "[s]he had no obligation to allege facts negating an affirmative defense in her complaint." *Id.* at 533.

The Court reiterates basic principles governing Rule 12(c) motions. A party may move for judgment on the pleadings only after a complaint and an answer have been filed, and the court will grant the motion "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); Fed. R. Civ. P. 12(c). Plaintiffs need not allege that they have exhausted administrative remedies because the failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). However, "when the existence of a valid

affirmative defense is so plain from the face of the complaint," the complaint may be dismissed. *Walker*, 288 F.3d at 1009; *see also Jones*, 549 U.S. at 215.

Hudson-Harris alleged in her *pro se* fill-in-the-blank Complaint, "I have exhausted out all legal remedies." (Filing No. 1 at 4.) This allegation alone is not enough to support an IDEA claim. Based on the current state of the pleadings, it appears that there may be a valid affirmative defense for the failure to exhaust administrative remedies. The Court is mindful that a document filed *pro se* is to be liberally construed, *see Erickson*, 551 U.S. at 94. Applying these principles, the Court cannot find that Hudson-Harris has no facts to support a claim for relief. Because Hudson-Harris may be able to establish facts, consistent with the pleadings, that show she exhausted available administrative remedies, her IDEA claim should not be dismissed with prejudice. *See Walker*, 288 F.3d at 1009 ("[d]ismissal for failure to exhaust is without prejudice").

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the School Board's Motion for Judgment on the Pleadings (Filing No. 14). However, Hudson-Harris's Complaint is **dismissed without prejudice**. Hudson-Harris is granted leave to file an amended complaint within **thirty (30) days** of the date of this Entry to sufficiently allege her efforts to pursue and exhaust administrative remedies or to explain how such efforts were futile. If nothing is filed, the dismissal will convert to one with prejudice and final judgment will issue.

**SO ORDERED.**

Date: 2/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kesha R. Hudson-Harris
3741 Allerton Place, Apt. E
Indianapolis, Indiana  46226

Amy Steketee Fox
FAEGRE BAKER DANIELS LLP
amy.fox@FaegreBD.com

Craig M. Borowski
FAEGRE BAKER DANIELS LLP
craig.borowski@faegrebd.com